| | |
|---|---|
| The Employment Law Firm<br>Cynthia L. Pollick, LLM<br>I.D. No.: 83826<br>363 Laurel Street<br>Pittston, PA 18640<br>(570) 654-9675 | Attorney for Plaintiff |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE J. KANSKY | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| LUZERNE COUNTY, LUZERNE | : | |
| COUNTY SHERIFF'S DEPARTMENT | : | |
| and LUZERNE COUNTY SHERIFF | : | |
| BRIAN SZUMSKI, Individually and in | : | |
| his Official Capacity | : | |
| | : | |
| Defendants | : | NO. |

## **COMPLAINT**

NOW comes the Plaintiff, LAWRENCE J. KANSKY, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

1. Plaintiff, LAWRENCE J. KANSKY, is competent adult individual who resides in Luzerne County, Pennsylvania.

2. Defendant, LUZERNE COUNTY, is a governmental entity with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

1

3. Defendant, LUZERNE COUNTY SHERIFF'S DEPARTMENT, is a governmental entity with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

4. Defendant, LUZERNE COUNTY SHERIFF BRIAN SZUMSKI, is the Sheriff for Luzerne County with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

5. At all times hereto, Defendant SHERIFF BRIAN SZUMSKI, was an official policymaker and made the official decision to revoke Plaintiff's License to Carry a Firearm, retaliate against him for his free speech, failed to provide due process and violated Plaintiff's Second Amendment rights.

6. At all times material hereto, Defendant BRIAN SZUMSKI was a servant, agent, and/or employee of Defendant LUZERNE COUNTY, and was acting under color of state law when he engaged in official policy, custom, and decision to violate Plaintiff's First Amendment right of Free Speech, Second Amendment, and the 14th Amendment rights.

7. Defendant, LUZERNE COUNTY and LUZERNE COUNTY SHERIFF'S DEPARTMENT, failed to train its officials and personnel not to retaliate against a citizen who engaged in free speech, to provide due process and adhere to the Constitution and Bill of Rights regarding the License to Carry a Firearm.

8. Defendant, LUZERNE COUNTY and LUZERNE COUNTY SHERIFF'S DEPARTMENT, have acquiesced in all actions taken by its public officials and personnel since they have knowledge of the same yet have refused to remedy the situation.

## JURSIDICTION

9. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. This suit is brought pursuant to the 42 U.S.C. § 1983 for constitutional violations of Plaintiffs rights pursuant to the First, Second and Fourteenth Amendments.

## COUNT I
## FIRST AMENDMENT RETALIATION
## PLAINTIFF V. DEFENDANTS

10. Paragraphs 1-9 above are incorporated herein by reference as if fully set forth herein at length.

11. Plaintiff, LAWRENCE J. KANSKY, is a citizen who possessed a License to Carry a Firearm Permit No. 34728 issued by DEFENDANT LUZERNE COUNTY SHERIFF'S DEPARTMENT.

12. On or about May 21, 2019, Plaintiff called 911 several times regarding the need for assistance related to an injured raccoon that was located near 72 W. North Street, Wilkes-Barre, Pennsylvania, starting at 5:37

3

am and continued to do so during the next 8 hours with absolutely no response from law enforcement.

13. On or about May 21, 2019, after waiting 8 hours for assistance from law enforcement, Plaintiff used his legally issued firearm to shoot a raccoon, which was suffering, injured, possibly had rabies or other diseases, which was a potential danger to the public.

14. On or about June 3, 2019, Plaintiff was charged with two (2) counts of recklessly engaging another person, disorderly conduct and unlawful acts concerning taking of furbearers.

15. On or about June 26, 2019, Plaintiff spoke out to a local media outlets, including the Citizen's Voice newspaper, related to the charges that were filed against him. https://www.citizensvoice.com/news/lawyer-charged-for-raccoon-mercy-killing-1.2501354

16. Specifically, Plaintiff stated that "when a wild animal is wounded, they are very dangerous animal" and admitted that he shot the injured and dying raccoon. Additionally, Plaintiff stated publicly as a citizen that "I shot it to put it out of its misery and to protect the public".

17. The very next day, June 27, 2019, Defendant LUZERNE COUNTY SHERIFF BRIAN SZUMSKI revoked Plaintiff's License to Carry a Firearm without any pre or post due process and in violation of the Second

Amendment, which provides all citizens with the right to bear arms in retaliation for having spoken as a citizen to the local press.

18. Additionally, Defendant LUZERNE COUNTY SHERIFF BRIAN SZUMSKI threatened that criminal charges would be filed against Plaintiff if he did not relinquish his License to Carry a Firearm within five (5) days.

19. On July 3, 2019, Plaintiff relinquished his License to Carry a Firearm to Defendant LUZERNE COUNTY SHERIFF'S DEPARTMENT.

20. On or about December 15, 2019, Plaintiff received the esteemed Animal Rights Award from Tracy's Hope Hospice and Animal Rescue for his brave actions of protecting himself and the community from a wild and dangerous animal.

21. Defendants were aware of Plaintiff's protected activities and retaliated against him causing him mental anxiety, stress and sleeplessness, and a continued campaign of harassment for having exercised his constitutional right to bear arms and exercise free speech.

22. "A First Amendment retaliation claim will lie for any individual act which meets this 'deterrence threshold,' and that threshold is very low." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006). "Any action that is likely to deter the exercise of free speech is . . . actionable." *Spiegla v. Hull*, 371 F.3d 928, 941 (7th Cir.2004).

5

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and any other relief that a jury finds fit.

## COUNT II
### VIOLATION OF PLAINTIFF'S SECOND AMENDMENT RIGHTS
### PLAINTIFF V. DEFENDANTS

23.  Plaintiff, KANSKY, hereby incorporates by reference paragraphs one (1) through twenty-two (22) above as if set forth herein at length.

24.  "We are not the first circuit to grapple with how far, and to what extent, the Second Amendment applies outside the home. Two circuits, looking closely at the text and history of the Amendment, have held that the Second Amendment indeed protects a general right to carry firearms in public for self-defense. *See Wrenn v. District of Columbia*, 864 F.3d 650, 665 (D.C. Cir. 2017); *Moore v. Madigan*, 702 F.3d 933, 936-37 (7th Cir. 2012). Three others have simply assumed the Second Amendment applies outside the home, without delving into the historical nature of the right. *See Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013); *Drake v. Filko*, 724 F.3d 426, 431 (3d Cir. 2013); *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 89 (2d Cir. 2012)." *Young v. Hawaii*, 896 F.3d 1044, 1051-1052 (9th Cir. 2018).

25. Defendants had a policy that allowed Defendant LUZERNE COUNTY SHERIFF BRIAN SZUMSKI to revoke Plaintiff's License to Carry a Firearm without giving due process for the alleged reason that "[a] person whose character/reputation indicates danger to public safety" without any proof nor a criminal conviction.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement of Plaintiff's License to Carry a Firearm, compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and any other relief that a jury finds fit.

### COUNT III
### VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS
### PLAINTIFF V. DEFENDANTS

26. Plaintiff, KANSKY, hereby incorporates by reference paragraphs one (1) through twenty-five (25) above as if set forth herein at length.

27. Through the Second Amendment, Plaintiff had a property right to his License to Carry a Firearm.

28. Prior to Plaintiff's revocation of his License to Carry a Firearm, Defendants were required to provide due process, which included notice, explanation of the evidence against him and an opportunity to rebut the same.

7

29. Defendants never provided that pre-deprivation due process nor provided any post-deprivation relief.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to Section 1983 and Second Amendment, including but not limited to reinstatement of Plaintiff's License to Carry a Firearm, emotional distress, punitive damages against individuals only, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

### COUNT IV
### UNCONSTITUTIONAL POLICY IN VIOLATION OF
### PLAINTIFF'S SECOND AMENDMENT RIGHTS
### PLAINTIFF V. DEFENDANTS

30. Paragraphs 1-29 above are incorporated herein by reference as if fully set forth herein at length.

31. "A law or policy that burdens conduct falling within the core of the Second Amendment requires a correspondingly strict level of scrutiny … " *Gould v. Morgan*, 907 F.3d 659, 671 (1st Cir. 2018).

32. LUZERNE COUNTY and LUZERNE COUNTY SHERIFF DEPARTMENT has a policy that allows for the revocation of citizens' License to Carry a Firearm without giving due process using the alleged reason that "[a] person whose character/reputation indicates danger to public safety" without any proof nor a criminal conviction.

33. This policy falls within the core of the Second Amendment; and therefore, must be stricken.

**WHEREFORE**, Plaintiff seeks the elimination of said policy as unconstitutional and an injunction ceasing the implementation of said policy, attorney fees and costs.

A jury trial is demanded on all claims.

By: s/ Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

9