UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAWRENCE J. KANSKY,** : | |
| Plaintiff | |
| : | **CIVIL ACTION NO. 3:20-0042** |
| v. | **(JUDGE MANNION)** |
| : | |
| **LUZERNE COUNTY, LUZERNE** | |
| **COUNTY SHERIFFS** : | |
| **DEPARTMENT and BRIAN** | |
| **SZUMSKI,** : | |
| Defendants | |

**MEMORANDUM**

Presently before the court is a motion to withdraw filed by the plaintiff's counsel Attorney Cynthia Pollick. (Doc. 44). Also before the court is the plaintiff's motion for an extension of time to file a response to the defendants' motion to dismiss. (Doc. 40). For the reasons set forth below, the motion to withdraw will be **DENIED**, the motion for an extension will be **DISMISSED AS MOOT**, and the matter will be **STAYED** for **THIRTY (30) DAYS** to permit the plaintiff to retain new counsel.

**I.    BACKGROUND**

The plaintiff initiated this action on January 9, 2020, against Luzerne County officials generally alleging violations of his First and Second Amendment rights and his right to due process when he was arrested and charged with two counts of recklessly endangering another person, one

count of disorderly conduct, and one count of unlawful acts concerning taking of furbearers after he shot an injured racoon near his house. The plaintiff's license to carry a firearm was revoked the following day by the Sheriff of Luzerne County. Although the plaintiff is himself an attorney, he retained Attorney Pollick to prosecute his case.

Pertinent here, the same day this action was filed, Attorney Pollick filed a related action on behalf of the plaintiff alleging similar claims stemming from the same incident involving the racoon, naming the City of Wilkes-Barre, the Wilkes-Barre police officer who charged the plaintiff, and the Wilkes-Barre Police Department's Chief of Police as defendants. See *Kansky v. City of Wilkes-Barre*, 3:20-cv-43 [hereinafter *Kansky II*].

On March 13, 2020, the defendants filed a motion to dismiss for failure to state a claim. (Doc. 11). The plaintiff responded with an amended complaint. (Doc. 16). The defendants again filed a motion to dismiss. (Doc. 17). The plaintiff filed a second amended complaint this time alleging violations of his First and Second Amendment rights, a facial and as-applied constitutional challenge to defendants' policy on revocation of licenses to carry, and a due process claim. (Doc. 28). Once again, defendants filed a motion to dismiss that remains pending. (Doc. 32).

2

On June 7, 2020, the plaintiff filed a motion for an extension of time to file a brief in opposition to the motion to dismiss, seeking a 90-day extension of the June 17, 2020 due date to September 17, 2020. (Doc. 40). The plaintiff filed a brief in support, (Doc. 41), and an amended brief in support, (Doc. 42), which cited the COVID-19 pandemic as well as alleged computer issues as the reason for the request.

Shortly thereafter, on June 15, 2020, Attorney Pollick abruptly filed a motion to withdraw as counsel. (Doc. 44). In it, Attorney Pollick stated, "Due to circumstances that do not permit Plaintiff's counsel to represent Plaintiff, Plaintiff's counsel seeks to withdraw as counsel in this matter." (Doc. 44, at 1).[1] Attorney Pollick cited the fact that the "Plaintiff is a lawyer," and

---

[1] Attorney Pollick also filed motions to withdraw in numerous other cases pending before this court. The court takes judicial notice of a letter Attorney Pollick filed in *Whited v. The New Café at Greystone Gardens*, 18-1811, wherein she explains her various alleged computer issues as follows:

> I don't want to use my computer in my office for confidential client information over the internet since my landlord, Attorney Girard Mecadon has Attorney Thomas Killino in my landlord's server room and the internet is controlled by Attorney Girard Mecadon. I had a computer specialist, Bob's Computers, inspect my computer since I believed it was compromised related to internet and other issues. Even though I was trying to keep my computer at my landlord's office safe, the computer

3

requested "90 days for Plaintiff to find new counsel." (Doc. 44, at 1). Attorney Pollick did not indicate whether her client consented to the withdrawal. The defendants, however, filed a certificate of concurrence with Attorney Pollick's motion.

Subsequently, in *Kansky II*, Attorney Pollick filed a nearly identical motion to withdraw as counsel on June 23, 2020. *Kansky II*, 3:20-cv-43, (Doc. 30). In that case, however, Attorney Curt M. Parkins entered his appearance on August 17, 2020, 3:20-cv-43, (Doc. 38), after which this court granted Attorney Pollick's motion to withdraw on September 3, 2020, 3:20-cv-43, (Doc . 41).

Meanwhile, on June 23, 2020, the court received an unsolicited and disturbing letter from the plaintiff, faxed directly to the court's Chambers, in which he recounted a concerning series of events as follows:

> Kindly accept this letter from me as a lay person, and not as an attorney. I am seeking your guidance on how the Court wishes me to proceed in the above

---

> specialist, who I later found out was friends with Attorney Thomas Killino, put malware on my computer system and the first thing that came on the screen after he was finished was my former significant other's Attorney Anthony P. Trozzolillo, CV, which I typed for him.

*Whited*, 3:18-cv-1811, (Doc . 35).

4

two (2) civil cases. My attorney, Cynthia Pollick, abruptly abandoned me as a client, for reasons that had nothing to do with me, and she will not give me my legal file.

On Friday, June 12, 2020, Attorney Pollick wanted to see me in her office for what I thought was to discuss a demand against Luzerne County et al., no. 20-42 *(See all supporting emails attached herein as* Exhibit "A"). Instead Pollick discussed how she could not get a brief filed in time. Pollick stated numerous reasons that made no sense to me, including: her computer was hacked, she was going through a divorce, her husband was accusing her of filing a false court document, her two (2) attorney landlords . . . would not let her access their paid research site, her submitted motion for a 90 day continuance for filing a brief on case no.: 20-42, was going to be denied by the Court, and that she was afraid of you. This was the first time I saw Pollick so nervous and incoherent.

Pollick's solution to her problem was for me to enter my appearance, as an attorney, on case no.: 20-42, and for me to submit the pending brief. She gave me a template on how to enter my appearance, like she had another attorney do on a case, for your Court. See Exhibit "B"

Pollick gave me an ultimatum that if I did not enter my appearance by 5:00 p.m. on that [F]riday, June 12, 2020, she was going to file a motion to withdraw from my case no.: 20-42. I stated that I was uncomfortable entering my appearance, as an attorney, because I have never litigated a civil rights case. *See* Exhibit "A". I left her officer telling her I was very confused and did not know what to do. *Id.*

5

On Saturday, June 13, 2020, Pollick filed a Notice of Concurrence, with the Court, which is false. On Monday, she filed a Motion to Withdraw as Counsel, on case no.: 20-42 and corrected my concurrence status to nonconcurrence, after I sent an email informing her that I never concurred. *Id.*

On Monday June 22, 2020, Pollick emailed me that she can no longer represent me on my remaining case, no: 20-43 and that I could pick up my legal file at her landlord's office, Attorney Girard Mecadon. *Id.* I emailed her back that she was abruptly abandoning me as her client, for no legitimate reasons, and withdrawing as counsel without the Court's permission. *Id.* I consider this unfair and unethical. *Id.*

At approximately 3:35 p.m., I arrived at Pollick's office to pick up my legal file as Pollick instructed me. The three (3) receptionists said that Pollick did not leave my legal file out front for them to give to me. They called landlord Girard Mecadon, Esquire, who then came out to the reception area and said that he and his office had no knowledge of my legal file, and that he and his office were not instructed by Pollick to give me anything.

Attorney Mecadon and the three (3) receptionists said that [A]ttorney Pollick was in the building and in her office. Receptionist "Marie" then said Pollick just got off her office phone line. Attorney Mecadon told Marie to call Pollick on the interoffice phone and tell her that I was out front waiting for my legal file. After Marie did so, Marie told all of us that she was instructed by Pollick to tell me that Pollick was not in her office and to come back some other time.

6

> I apologize for involving your Honorable Court, but I am not sure how to proceed and respectfully ask for your guidance. I did not send this letter to opposing counsel because I do not wish to indirectly violate any professional rules of communications. I have never been in this type of situation before and welcome any suggestions given by your Honorable Court.

The plaintiff indicated that he provided a copy of the letter to Attorney Pollick. Additionally, the plaintiff attached email correspondence between himself and Attorney Pollick pertaining to both this case and *Kansky II*, which tracked the contents of his letter.

Attorney Pollick filed a letter on July 22, 2020, emphasizing that her pending motion to withdraw was unopposed but not yet granted and stating, "If the Court does not intend on granting the unopposed motion[], kindly schedule a hearing to allow Plaintiff, who is a lawyer, to be heard on those matters." (Doc. 46). By order dated July 22, 2020, the court ordered the letter stricken from the record, advising Attorney Pollick that the court was aware of her pending motions and once again advising her that she should refrain from filing such informal corresponded in her cases before this court. (Doc. 47). The proper method is a motion and supporting brief.

7

Despite this, on August 5, 2020, Attorney Pollick filed a letter addressed to Chief Judge Jones on the dockets of both this case and *Kansky II*, attaching docket sheets from other cases and complaining that, in those matters, the court has "granted unopposed motions without hesitation, but yet when it comes to me – he does not." (Doc. 48). In contrast to the plaintiff's faxed letter, Attorney Pollick further suggested that her client had picked up his file and was prepared to represent himself. In what has also become a usual practice by Atty. Pollick, unrelated, extraneous and irrelevant discourse was included in her correspondence:

> The client in the above cases is a lawyer, and he picked up his file over a month ago and brought a big man with him. I cannot represent him, and Judge Mannion will not even give me a hearing to release me from his cases. None of this information is attorney client privilege since the big man was outside and I should not have to practice in these conditions.

(Doc. 48, at 1).

Attorney Pollick's letter then inexplicably veered into her own personal matters:

> By the way, if you don't know, I'm going through a divorce from Attorney Anthony P. Trozzolillo, from Scranton, his third marriage; and if he or any of his family, including Anthony S. Trozzolillo "Nino", Tessa Trozzolillo and/or their mother, Jayne, are employed,

> getting funds or in any way associated with the Middle District, kindly have that Judge recuse himself from any case I have pending since there is a clear conflict of interest.

(Doc. 48, at 1).

To date, Attorney Pollick remains counsel of record, as no other attorney has entered an appearance on behalf of the plaintiff.

## II. STANDARD

Pursuant to this court's Local Rules,

> Appearance of counsel shall not be withdrawn except by leave of court. *The court may refuse to approve withdrawal.* If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. *The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.*

M.D.Pa. Local Rule 83.15 (emphasis added).

## III. DISCUSSION

The court finds that the plaintiff would undoubtedly be prejudiced by Attorney Pollick's withdrawal, particularly given that there remains pending a motion to dismiss to which a response is past due from the plaintiff.

9

Although the plaintiff is an attorney, he has made clear that he is unprepared to litigate this case, since he has never previously litigated a civil rights case. Further, Attorney Pollick has not indicated that she has in any way assisted the plaintiff in retaining new counsel. Moreover, it is, at best, unclear whether the plaintiff has received his legal files from Attorney Pollick and, thus, even if he were prepared to represent himself, it does not appear that the plaintiff has the necessary legal files to do so.

Additionally, in accordance with Local Rule 83.15, it remains the practice of this court—except in certain rare circumstances—not to grant leave to withdraw until substitute counsel has entered an appearance, as was the case in *Kansky II* and the reason Attorney Pollick was permitted to withdraw there.

Although Attorney Pollick appears to suggest that she must be permitted to withdraw due to ethical considerations, she has not indicated that any of the limited circumstances in which an attorney must withdraw are present. *See* Pa. Rule of Pro. Conduct 1.16(a)(1)-(3). Outside of those limited circumstances, Pennsylvania's Rules of Professional Conduct indicate that an attorney "*may withdraw* from representation in *some circumstances*," "*if it can be accomplished without material adverse effect*

*to the client's interests.*" Pa. Rule of Pro. Conduct 1.16(b)(1). As noted by the plaintiff himself, granting Attorney Pollick's motion would indeed have material adverse effects on his interests. In any case, as should be obvious, Rule 1.16(c) makes clear that "[a] lawyer *must* comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," and "[w]hen ordered to do so by a tribunal, a lawyer *shall* continue representation notwithstanding good cause for terminating the representation." Pa. Rule of Pro. Conduct 1.16(c) (emphasis added).

Therefore, in accordance with Local Rule 83.15, the Pennsylvania Rules of Professional Conduct, and this court's inherent discretion in deciding such motions, and in light of the clear prejudice to the plaintiff, Attorney Pollick's motion to withdraw, (Doc. 44) is **DENIED WITHOUT PREJUDICE** to renew if new counsel enters an appearance for the plaintiff.

Further, the court will **DISMISS AS MOOT** the plaintiff's motion for a 90-day extension to respond to the defendants' motion to dismiss, (Doc. 40), since the September due date requested has passed. The court will, however, **STAY** this case for a period of **THIRTY (30) DAYS** in order to, once again, permit the plaintiff to retain new counsel. If new counsel is retained by the plaintiff, new counsel's response to the motion to dismiss

will be due **THIRTY (30) DAYS** from the date of new counsel's appearance. If no new counsel enters an appearance, the plaintiff's current counsel will have until April 1, 2021, to file her brief in opposition.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 19, 2021**
20-42-01