| | |
|---|---|
| The Employment Law Firm<br>Cynthia L. Pollick, LLM<br>ID No.: 83826<br>PO Box 757<br>Clarks Summit PA 18411<br>(570) 510-7630 | Attorney for Plaintiff |

___

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LAWRENCE J. KANSKY, | : | |
|---|---|---|
| | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | DOCKET NO.: 20-42 |
| LUZERNE COUNTY, et al. | : | |
| | : | |
| Defendants | : | |

___

## THIRD AMENDED COMPLAINT
## IN COMPLIANCE WITH THE AMENDED CASE
## MANAGEMENT ORDER DOC. 50

NOW comes the Plaintiff, Lawrence J. Kansky, by his attorney, Cynthia L. Pollick, Esquire, and files the following Third Amended Complaint against Defendants and avers as follows:

1. Plaintiff, Lawrence J. Kansky, is competent adult individual residing at 114 Timberwood Drive, Mountaintop PA 18707, Luzerne County, Pennsylvania.

1

2. Defendant, Luzerne County, is a government entity with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

3. Defendant, Luzerne County Sheriff's Department, is a governmental entity with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

4. Defendant, Luzerne County Sheriff Brian Szumski, is the Sheriff for Luzerne County with a principal office at 200 North River Street, Wilkes-Barre, Pennsylvania.

5. At all times hereto, Defendant Sheriff Brian Szumski, was an official policymaker and made the official decision to revoke Plaintiff's License to Carry a Firearm, retaliate against him for his free speech, failed to provide due process and violated Plaintiff's Second Amendment rights.

6. At all times material hereto, Defendant Brian Szumski was a servant, agent, and/or employee of Defendant Luzerne County, and was acting under the color of state law when he engaged in official policy, custom, and decision to violate Plaintiff's First Amendment, Second Amendment and Fourteenth Amendment rights.

7. Defendant, Luzerne County and Luzerne County Sheriff's Department, failed to train its officials and personnel not to retaliate against

a citizen who engaged in free speech, to provide due process and adhere to the Constitution and Bill of Rights regarding the License to Carry a Firearm.

8. Defendant, Luzerne County and Luzerne County Sheriff's Department, have acquiesced in all actions taken by its public officials and personnel since they had knowledge of the same yet refused to remedy the situation or stop it.

## JURISDICTION

9. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. This suit is brought pursuant to the 42 U.S.C. § 1983 for constitutional violations of Plaintiff's rights pursuant to the First, Second and Fourteenth Amendments.

## COUNT I
## FIRST AMENDMENT RETALIATION
## PLAINTIFF v. DEFENDANTS

10. Paragraphs 1-9 above are incorporated herein by references as if fully set forth herein at length.

11. Plaintiff, Lawrence J. Kansky, is a citizen who possessed a License to Carry a Firearm Permit No. 34728 issued by Defendant Luzerne County Sheriff's Department.

12. On or about May 21, 2019, Plaintiff called 911 several times regarding the need for assistance related to an injured raccoon that was located near 72 W. North Street, Wilkes-Barre, Pennsylvania, starting at 5:37 am and continuing to do so during the next 8 hours with absolutely no response from law enforcement.

13. On or about May 21, 2019, after waiting 8 hours for assistance from law enforcement, Plaintiff used his legally issued firearm to shoot at the raccoon, which was suffering, injured, and possibly had rabies or other diseases, which are potential dangers to the public.

14. On or about June 3, 2019, Plaintiff was charged with two (2) counts of recklessly engaging another person, disorderly conduct and unlawful acts concerning taking of furbearers.

15. On or about June 26, 2019, Plaintiff spoke out to a local media outlets, including the Citizen's Voice newspaper, related to the charges that were filed against him. https://www.citizensvoice.com/news/lawyer-charged-for-raccoon-mercy-killing-1.2501354.

16. Specifically, Plaintiff stated that "when a wild animal is wounded, they are very dangerous animal" and admitted that he shot the injured and

dying raccoon. Additionally, Plaintiff stated publicly as a citizen that "I shot it to put it out of its misery and to protect the public."

17.   Plaintiff was protesting the fact that he was charged, and the entire article surrounded the lack of police response since it describes how Plaintiff waited and called 911 several times seeking assistance to no avail. Plaintiff described for the media how the raccoon made "crying noises" and that the raccoon had "completely crushed" legs and that "[w]hen a wild animal is wounded, they are a very dangerous animal".

18.   Additionally, Plaintiff told the media that "[e]verything I did, I made as safe as I was trained to do"; nonetheless, the police charged him criminally anyway.

19.   The fact that Plaintiff's comments were published shows the community was interested in a "[l]awyer charged for raccoon mercy killing". https://www.citizensvoice.com/news/lawyer-charged-for-raccoon-mercy-killing-1.2501354.

20.   Plaintiff is not seeking a First Amendment retaliation claim for the act of shooting at the injured raccoon, but rather his statements to the press and accessing the courts.

21. The very next day, June 27, 2019, Defendant Luzerne County Sheriff Brian Szumski revoked Plaintiff's License to Carry a Firearm without any pre or post due process and in violation of the Second Amendment, which provides all citizens with the right to bear arms in retaliation for having spoken as a citizen to the local press.

22. Additionally, Defendant Luzerne County Sheriff Brian Szumski threatened that criminal charges would be filed against Plaintiff if he did not relinquish his License to Carry a Firearm within five (5) days.

23. On July 3, 2019, Plaintiff relinquished his License to Carry a Firearm to Defendant Luzerne County Sheriff's Department.

24. On or about December 15, 2019, Plaintiff received the esteemed Animal Rights Award from Tracy's Hope Hospice and Animal Rescue for his brave actions of protecting himself and the community from a wild and dangerous animal.

25. Defendants were aware of Plaintiff's protected activities and retaliated against him by causing him mental anxiety, stress and sleeplessness, and a continued campaign of harassment for having exercised his constitutional right to bear arms and exercise free speech.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement of Plaintiff's License to Carry a Firearm, compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and any other relief that a jury finds fit.

### COUNT II
### DEFENDANTS' POLICY OF REVOCATION OF A LICENSE TO CARRY A FIREARM IS VAGUE AND OVERBREATH

26. Paragraphs 1-25 above are incorporated herein by references as if fully set forth herein at length.

27. Defendants' policy that revokes a licensed firearm is vague since it does not define "a person whose character/reputation indicates a danger to public safety."

28. Defendants' revocation of a licensed firearm policy fails to put citizens on notice of what consists of "a person whose character/reputation indicates a danger to public safety" and provides insufficient standards for enforcement of such policy.

29. Defendants' revocation of a licensed firearm policy is vague when citizens must guess at its meaning for revocation.

30. Defendants' revocation of a licensed firearm policy is facially overbroad since it does not provide any guidelines of what consists "a person whose character/reputation indicates a danger to public safety" and does not state that a criminal conviction is required before revoking a citizen's license to carry a firearm.

31. Defendants' letter revoking Plaintiff's license to carry a firearm did not provide any evidence or notice of why his license to carry a firearm was revoked.

32. Defendants' revocation of a licensed firearm policy may cause people to refrain from speaking to the media about being wrongfully criminally charged and fighting criminal charges.

33. Defendants' revocation of a licensed firearm policy reaches too much expression that is protected by the Constitution since Plaintiff was speaking to the media about being wrongfully criminally charged.

34. Defendants' revocation of a licensed firearm policy seeks too much expression since it allows Defendants to revoke a citizen's license to carry a firearm without a criminal conviction of a dangerous act.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement of Plaintiff's License to

Carry a Firearm, compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and any other relief that a jury finds fit.

## COUNT III
### VIOLATION OF PLAINTIFF'S SECOND AMENDMENT RIGHTS AS-APPLIED CHALLENGE TO LUZERNE COUNTY POLICY ON REVOCATION OF A LICENSE TO CARRY A FIREARM PLAINTIFF V. DEFENDANTS

35. Paragraphs 1-34 above are incorporated herein by references as if fully set forth herein at length.

36. Plaintiff is challenging Luzerne County's policy of revocation and not 18 Pa. Cons. Stats. § 6109(i) since the Luzerne County policy of revocation had to be enacted pursuant to the County Code or other County legislation.

37. Defendants did not have good cause to revoke Plaintiff's License to Carry a Firearm because Plaintiff had not been convicted of the alleged crimes he was charged with that occurred on or about May 12, 2019.

38. The alleged crimes did not have any victims.

39. Plaintiff was not accused of committing violent acts against any person.

40. None of the charges filed were felonies.

41. Defendants did absolutely no investigation into whether Plaintiff was a "danger to public safety".

42. Plaintiff graduated with Honors from University of Baltimore with his Juris Doctorate and was admitted to the practice law in Pennsylvania on October 31, 2011.

43. Being a practicing lawyer with no public history of discipline, Plaintiff did not have the character or reputation that he would act in a manner dangerous to public safety or he never would have received his license to practice law.

44. Plaintiff has never been convicted of a violent act.

45. Plaintiff's possession of a firearm is for protection of hearth, home and self-defense.

46. Plaintiff has been married for several years and is a religious man.

47. On June 27, 2019, Plaintiff had been a licensed lawyer for over 7 ½ years, and to achieve that license from the Commonwealth of Pennsylvania, he had to undergo an extensive background check.

48. By being admitted to the practice of law, Plaintiff proves that he is not violent or dangerous.

49. Plaintiff is no different than any other law-abiding citizen and poses no threat to society.

50. Defendants had a policy and custom that allowed Defendant Luzerne County Sheriff Brian Szumski to revoke Plaintiff's License to Carry a Firearm without giving him due process for the alleged reason that his "…. character/reputation indicates danger to public safety".

51. Defendants had no evidence or a criminal conviction for a violent crime that would have shown that Plaintiff was a danger to public safety.

52. Defendants' revocation policy harmed Plaintiff and has been enforced against others.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement of Plaintiff's License to Carry a Firearm, compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and any other relief that a jury finds fit.

### COUNT IV
### VIOLATION OF DUE PROCESS RIGHTS
### PLAINTIFF V. DEFENDANTS

53. Paragraphs 1-52 above are incorporated herein by references as if fully set forth herein at length.

54. Through the Second Amendment, Plaintiff had a property interest in his License to Prior Carry a Firearm.

55. Prior to Plaintiff's revocation of his License to Carry a Firearm, Defendants were required to provide due process, which included notice, explanation of the evidence against him and an opportunity to rebut the same.

56. Defendants never provided pre-deprivation due process or provided any post-deprivation relief.

57. No post-deprivation process would remedy Plaintiff's pre-deprivation.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement of Plaintiff's License to Carry a Firearm, compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and any other relief that a jury finds fit.

### COUNT V
### UNCONSTITUTIONAL POLICY IN VIOLATION OF PLAINTIFF'S SECOND AMENDMENT RIGHTS
### PLAINTIFF V. DEFENDANTS

58. Paragraphs 1-57 above are incorporated herein by references as if fully set forth herein at length.

59. Luzerne County and Luzerne County Sheriff Department has a policy that allows for the revocation of citizens' License to Carry a Firearm without giving due process using the alleged reason that "[a] person whose character/reputation indicates danger to public safety" without any evidence or a criminal conviction.

**WHEREFORE**, Plaintiff seeks all remedies elimination of said policy as unconstitutional and an injunction ceasing the implementation of said policy, attorney fees and costs.

A jury trial is demanded on all claims.

                                                  Respectfully Submitted:

                                                  s/Cynthia L. Pollick, LLM
                                                  Pa. I.D. No.: 83826
                                                  PO Box 757
                                                  Clarks Summit PA 18411
                                                  (570) 510-7630
                                                  pollick@lawyer.com

## **CERTIFICATE OF SERVICE**

Cynthia L. Pollick, Esquire, hereby certifies that on March 25, 2021, she served a copy of Plaintiff's Third Amended Complaint via ECF on Defendants' counsel:

    Sean P. McDonough, Esquire
    Dougherty Leventhal & Price LLP
    75 Glenmaura National Boulevard
    Moosic PA 18507

                                                  s/Cynthia L. Pollick
                                                  Cynthia L. Pollick, Esquire