IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. KANSKY | : |
| | : CIVIL NO. 3: 20-CV-0042 |
| Plaintiff, | : |
| | : |
| vs. | : (JUDGE MANNION) |
| | : |
| LUZERNE COUNTY, LUZERNE COUNTY SHERIFF'S DEPARTMENT, and LUZERNE COUNTY SHERIFF BRIAN SZUMSKI, individually and in his official capacity, | : |
| | : |
| Defendants: | : (ELECTRONICALLY FILED) |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STAY CASE**

**I.  PROCEDURAL HISTORY**

On or about January 9, 2020, Plaintiff Lawrence Kansky filed a Complaint (Doc.1) against Defendants alleging his civil rights were violated.  This Complaint has been amended on three separate occasions by the Plaintiff: Amended

1

Complaint (Doc. 16 on March 31, 2020); Second Amended Complaint (Doc. 28 on May 8, 2020); and Third Amended Complaint (Doc. 57 on March 25, 2021).

Defendants have filed Motions to Dismiss each of Plaintiff's Complaints with the most recent of which being filed on April 6, 2021, (Doc. 66). Defendants supporting brief was filed on April 20, 2021 (Doc. 72).

On June 4, 2020 the Court issued a Case Management Order establishing the deadlines for the orderly progression of the litigation.[1]

On June 15, 2020, Plaintiff's counsel filed a Motion to Withdraw as Counsel (Doc. 44). This motion was denied by the Court on February 19, 2021 (Doc. 52). At that time, the Court issued a stay allowing plaintiff 30 days to obtain new counsel and file an opposition brief to Defendants' Motion to Dismiss the Second Amended Complaint. Plaintiff has not secured new counsel as of the date of this submission.

---

[1]This Order was subsequently amended on December 1, 2020, upon motion of the Defendants and the following deadlines are currently in place:

> Amended Pleadings due on or before April 30, 2021;
> Joinder of parties on or before April 30, 2021;
> Fact Discovery to be completed by April 30, 2021;
> Dispositive motions by May 30, 2021;
> Plaintiff's expert report due on or before April 30, 2021;
> Defendant's expert report due on or before May 30, 2021;
> Supplemental reports due on or before June 30, 2021; and
> Expert discovery deadline by July 30, 2021.

On March 26, 2021, Ms. Pollick filed a renewed Motion to Withdraw as Counsel for Plaintiff (Doc. 58) and on April 6, 2021, she filed a Motion to Stay (Doc. 67) the matter pending the resolution of her Motion to Withdraw.

On April 21, 2021, Defendants filed a Motion for Status Conference (Doc. 74) to discuss both Plaintiff's pending Motion to Withdraw and Stay as well as to discuss the deadlines established in the December 1, 2020 Order which are set to expire on April 30, 2021. Also, on April 21, 2021, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion to Dismiss the TAC (Doc. 73). This brief is filed in opposition to Plaintiff's Motion to Stay the Case (Doc. 67).

## II.   STATEMENT OF FACTS

The instant action was filed on January 9, 2020, by Attorney Pollick on behalf of Plaintiff Lawrence J. Kansky, who is also an attorney, as referenced in the Plaintiff's TAC (Doc. 57 at ¶42, 43, 47 and 48). On June 15, 2020, Attorney Pollick moved to withdraw as counsel (Doc. 44) citing at that time: 1) "due to circumstances that do not permit Plaintiff's counsel to represent, Plaintiff, Plaintiff's counsel seeks to withdraw .. (Doc. 44 at ¶1); and 2) "Plaintiff is a lawyer" (Doc. 44 at ¶2). This Motion was denied without prejudice on February 19, 2021 (Doc. 52). At that time, eight (8) months had passed from the filing of

the Motion to Dismiss until the Court's ruling denying same without any movement on the case from Plaintiff, either in the form of filing a responsive brief to these motions to dismiss or the entry of new counsel on Plaintiff's behalf. The Court provided Plaintiff with a stay at that time of 30 days (or until April 1, 2021) to either secure new counsel, or respond to the pending motion to dismiss. No new counsel entered an appearance on behalf of plaintiff and rather than file a brief in opposition to Defendants' Motion to Dismiss the SAC, Plaintiff filed a Third Amended Complaint (with little change from the prior iterations) and another Motion to Withdraw as Counsel on March 26, 2021 (Doc. 58).

Plaintiff's Motion to Stay the case (Doc. 67) and supporting brief (Doc. 71) set forth the fact that Plaintiff's counsel may be unavailable to represent Mr. Kansky because of a pending criminal matter against her by her estranged husband Mr. Trozzolillo (Doc. 71 at ¶s 2-3). Attorney Pollick also argues that because she is not being paid by Mr. Kansky in accordance with their fee agreement, a stay should be issued in the matter. Attorney Pollick also points out that Mr. Kansky is an attorney and can represent himself *pro se* in this matter or seek the entry of appearance of the attorney who is representing him in a companion case also filed in the Middle District regarding the same initial incident involving the raccoon but different defendants (Doc. 71 at p. 2).

III.  **STATEMENT OF THE QUESTION PRESENTED**

**WHETHER A SECOND STAY SHOULD BE ENTERED PENDING THE RESOLUTION OF PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL?**

(Suggested Answer: In the Negative).

IV.  **LAW AND ARGUMENT**

**ON BALANCE, THE IMPOSITION OF A SECOND STAY IN THIS CASE DOES NOT SERVE THE INTERESTS OF JUSTICE**

Generally, a court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936); *see also*, United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994); *In re* Chickie's & Pete's Wage and Hour Litig., Civil Action No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013). Nevertheless, a stay is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); *see also*, Breyer, 41 F.3d at 893; Structural Grp., Inc. v. Liberty Mut. Ins. Co., Civil Action No. 1:07-cv-01793, 2011 U.S. Dist. LEXIS 60437, 2011 WL 13350710 (M.D. PA. June 6, 2011). In deciding whether to grant a stay, courts in this Circuit weight

four non-exhaustive factors:

> (1) the length of the stay requested; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying the issues and promoting judicial economy.

Duchene v. Westlake Servs., LLC, Civil Action. No. 2:13-cv-01577, 2015 WL 5947669, at *2 (W.D. PA. Oct. 13, 2015) (Hornak, C.J., then-J); *see also*, Gennock v. Kirkland's Inc., Civil Action No. 17-454, 2018 WL 646141, at *2 (W.D. Pa. Jan. 31, 2018) (Mitchell, M.J.); *In re* Chickie's, 2013 WL 2434611, at *2.

The fact that the requested stay's duration is indefinite and there is no way to accurately predict the length weighs against granting the stay. *See* Exclusive Supplements, Inc. v. Abdelgawad, Civil Action No. 2:12-cv-1652, 2013 U.S. Dist. LEXIS 5517, at *4, 2013 WL 160275 (W.D. Pa. Jan. 15, 2013 (Bissoon, J.); *see e.g.*, Am. Builders Ins. Co. v. Keystone Ins. Grp., Inc., Civil Action No. 4:19-cv-01497; 2020 U.S. Dist. LEXIS at *5, 2020 WL 4903827 (M.D. Pa. Aug. 20, 2020); *In re* Chickie's, 2013 WL 2434611, at *2 (denying request for stay while Department of Labor investigated defendants' restaurant business practices during preceding three years, citing indefinite length of that investigation as a

contributing factor).  By contrast, "[a] relatively short delay of definite duration" does not weigh against granting a stay because the stay "would not likely affect the availability of evidence or the memory of witnesses."  Duchene, 2015 WL 5947669, at *3; Gennock, 2018 WL 646141, at *2.

While the risk of unnecessary proceedings and expenses in connection therewith weigh in favor of a stay, the expense of litigation where the stay would not render the litigation unnecessary does not favor a stay.  Duchene, 2015 WL 5947669, at *3; In re Chickie's, 2013 WL 2434611, at *3.

The movant must demonstrate a "clear case of hardship or inequity" when there is "even a fair possibility" that a stay will harm the nonmoving party.  Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting Landis, 299 U.S. at 255); Rajput v. Synchrony Bank, 2016 U.S. Dist. LEXIS 150231, at *10, 2016 WL 6433150 (M.D. Pa. Oct. 31, 2016).

While the Defendants believe that they have endeavored to be accommodating to both Attorneys Kansky and Pollick during the period of time that the conflict has existed between them regarding this litigation, a period of nearly sixteen months has passed without any meaningful activity in this case due

solely to the actions of Attorney Pollick.[2]

The Defendants submit that all of the factors outlined above support a denial of any additional stays in this case. Sheriff Szumski has been sued in his individual capacity for discharging his responsibilities as the Sheriff of Luzerne County. The fact that two members of the Bar are engaged in a stand-off as to whether Attorney Pollick's representation should be terminated does not justify additional delay in this case, particularly when the Court has already afforded Attorneys Kansky and Pollick adequate time to resolve the representation issues that have now existed since June 15th of last year (Doc. 44).

Simply stated, Defendants maintain that there is inherent prejudice associated with being Defendant in a lawsuit that Plaintiff refuses to dismiss and at the same time is unwilling to prosecute. For this reason, the motion to say should be dismissed.

## V. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Stay the Case should be denied and Plaintiff should be directed to file a brief in opposition to the pending

---

[2] While F.R.C.P. 15(a)(1)(B) permits a party to amend the Complaint once after the opposing party has filed a motion under Rule 12(b), Kansky has filed a Third Amended Complaint ("TAC") that is not substantially different from the prior iterations of the TAC. Counsel's unwillingness to address the merits of Defendants' arguments for dismissal has occasioned additional unnecessary delay in this case.

Motion to Dismiss Plaintiff's Third Amended Complaint and not file a Fourth Amended Complaint.

        Respectfully submitted:

        DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

            s/Sean P. McDonough
By:   _____
        Sean P. McDonough, Esquire
        Attorney for Defendants
        PA ID# 47428
        75 Glenmaura National Blvd.
        Moosic, PA 18507
        Phone (570) 347-1011 Fax (570) 347-7028
        smcdonough@dlplaw.com

## CERTIFICATE OF SERVICE

  I, SEAN P. McDONOUGH, ESQUIRE, hereby certify that on the 29th day of April, 2021, I served the foregoing BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR STAY upon the persons indicated below as follows:

        Via electronic filing

Cynthia L. Pollick, Esquire
The Employment Law Firm
P.O. Box 757
Clarks Summit, PA 18411
pollick@lawyer.com

        Respectfully submitted,

        DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

        s/Sean P. McDonough
        _____
        SEAN P. McDONOUGH, ESQUIRE
        Attorney for Defendants
        PA ID# 47428
        75 Glenmaura National Blvd.
        Moosic, PA 18507
        Phone (570) 347-1011
        Fax (570) 347-7028
        smcdonough@dlplaw.com