# Shaffer v. York Cty.

United States District Court for the Middle District of Pennsylvania

October 8, 2009, Decided; October 8, 2009, Filed

CIVIL NO. 1:09-CV-1315

**Reporter**
2009 U.S. Dist. LEXIS 142425 *; 2009 WL 10716285

FRANK N. SHAFFER, Plaintiff v. YORK COUNTY, PENNSYLVANIA and WILLIAM M. HOSE, Defendants

**Counsel:** [*1] For Frank N. Shaffer, Plaintiff: Dennis E. Boyle, LEAD ATTORNEY, Whiteford Taylor & Preston, Washington, DC; Josh Autry, LEAD ATTORNEY, Morgan & Morgan, Lexington, KY.

For York County, Pennsylvania, William M. Hose, Defendants: Michael W. Flannelly, LEAD ATTORNEY, Solicitor for York County, York, PA.

**Judges:** J. Andrew Smyser, Magistrate Judge. Chief Judge Kane.

**Opinion by:** J. Andrew Smyser

# Opinion

**REPORT AND RECOMMENDATION**

The claim of the plaintiff in this 42 U.S.C. § 1983 civil action is that defendant William M. Hose, in his capacity as the Sheriff of York County, revoked the firearm permit of the plaintiff on August 29, 2006 in violation of the plaintiff's Second Amendment right to bear arms. The plaintiff's complaint also claims that his federally protected rights were violated by the defendant Sheriff in refusing to return the permit to him and, successively, in returning the firearm permit to the plaintiff, after the Court of Common Pleas of York County ordered the return of the permit, by affixing the notation to it, "Return by Order of Court." The plaintiff contends that the alleged violation by the defendants was and is a continuing violation.

The defendants have filed a motion to dismiss the complaint for failure to state a claim upon which [*2] relief can be granted, on the basis that the statute of limitations has run and on the basis of immunity.

The complaint alleges that the plaintiff, Frank N. Shaffer, to whom a license or permit to carry a concealed firearm in Pennsylvania had been issued pursuant to 18 Pa. C.S.A. § 6109, was charged with criminal offenses (simple assault, disorderly conduct, harassment and reckless endangerment) after an August 24, 2006 incident when the plaintiff had allegedly brandished a firearm in the course of an argument and confrontation with another person at the side of a highway. The complaint alleges that the two men had pulled their vehicles over after a series of vehicular maneuvers that caused the plaintiff to feel that the other motorist, a truck driver, had behaved aggressively and wrongfully. On August 29, 2006 defendant Sheriff Hose revoked the plaintiff's license to carry a firearm.

On November 30, 2006, the charges against the plaintiff were dismissed by a district magistrate judge. Defendant Sheriff Hose did not, however, reinstate the plaintiff's permit to carry a concealed firearm. He stated to the plaintiff, "I find that you are not the type of individual who should be permitted to have a firearms [*3] license." The plaintiff appealed the decision of the Sheriff to the York County Court of Common Pleas. After the Court of Common Pleas for York County had held that the Sheriff had erred in revoking the permit when the criminal charges were dismissed and ordered the defendant Sheriff to return the plaintiff's permit to him, the permit was returned to the plaintiff with a notation, "Return by Order of Court" stamped over the plaintiff's picture.

The motion to dismiss the complaint has been briefed by the parties and is ripe for decision.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept

all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009)*(quoting *Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008))*.

"Under *Federal Rule of Civil Procedure 8(a)(2)*, a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)*. The statement required by *Rule 8(a)(2)* need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. [*4] *Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)*. Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id. at 1965*. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)*. "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra, 129 S.Ct. at 1950*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra, 129 S.Ct. at 1949* (quoting *Twombly, supra, 550 U.S. at 570*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

We will consider in turn whether the claim that the [*5] revocation of the plaintiff's permit to carry a concealed firearm in violation of his *Second Amendment* right to bear arms is barred by the applicable statute of limitations and whether the claim that the defendant(s)' return of the firearms permit to the plaintiff bearing the notation "Return by Order of Court" violated the plaintiff's federally protected rights is a claim upon which relief can be granted. We will also consider alternatively whether, assuming *arguendo* a claim upon which relief can be granted as to both the revocation and the "Return by Order of Court" notation and assuming *arguendo* no bar for untimeliness, the defendants are entitled to dismissal based upon qualified immunity.

The Pennsylvania Uniform Firearms Act, *18 Pa. C.S.A § 6101 et seq.*, provides a process for official approval to be given to a person to carry a firearm concealed upon the person or in a vehicle in Pennsylvania. *18 Pa. C.S.A. § 6109(b)*. We do not understand the plaintiff's challenge in this case to be a challenge to the constitutionality of *Section 6109*. Notice of a challenge to the constitutionality of *Section 6109* has not been given. LR 4.5(b). The plaintiff's complaint claims that the decisions and actions of defendant Hose were in violation of the plaintiff's *Second Amendment* right to bear arms. The complaint [*6] claims that defendant Hose acted in violation of the plaintiff's *Second Amendment* rights in revoking the plaintiff's firearms permit, in not returning it when requested and in affixing a notation to it when it was returned.

The initial challenge in this complaint is to the defendant Sheriff's revocation of his permit, which was done in August of 2006. This civil action was filed on July 9, 2009.

"Actions brought under *42 U.S.C. § 1983* are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006)*. The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003)*. A *section 1983* cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)*.

The plaintiff contends that the statute of limitations did not begin to run until July 9, 2007, the date upon which the Sheriff refused to reissue his firearms permit to him. The complaint alleges that the claim is based upon the Sheriff's "actions to revoke the license and refusal to return it." (Doc. 1, ¶ 33). The plaintiff argues that "the more significant date is July 9, 2007, when, despite the dismissal of Plaintiff's criminal case, Sheriff Hose refused to issue a license [*7] to Plaintiff." (Doc. 6, pp. 12-13). But the complaint alleges that the revocation of the plaintiff's license violated his *Second Amendment* rights. "York County has a policy, practice and custom of revoking firearm Permits when its citizens reasonably use their firearms in self-defense, and of refusing to reissue permits even in the absence of criminal charges." (Doc. 1, p. 11). "Mr. Shaffer has been denied a valid firearm permit for nearly three years, merely for brandishing a firearm in self-defense." (Doc. 1, p. 3).

Although the plaintiff began efforts to have his firearm permit returned to him, and was denied a return of his permit for

some period of time, it is clear that his complaint alleges on Second Amendment grounds that the revocation of his permit that occurred more than two years before his complaint was filed as his cause of action. Stated in other words, the complaint is based upon the contention that he was always entitled to have his permit, and not to have it revoked.

Nothing impeded the plaintiff's presentation of a claim in August 2006 on the basis of the revocation. The time in which to bring the complaint began to run in August of 2006. The plaintiff's challenge to his permit revocation is not [*8] stated in such a manner as to depend for its merits upon a successful challenge to a conviction, upon the Sheriff's disposition of his request for the return of his permit after he had been cleared of criminal charges, or upon the successful action in the Court of Common Pleas of York County to have his permit returned to him. The plaintiff's claim is that he was not ever constitutionally deprived of his permit. Developments occurring after the revocation are advanced to strengthen his contentions, but there was no material element of his claim not known by the plaintiff in August of 2006 and there is not a basis to view the limitations period not to have begun to run at that time. The plaintiff's claim is barred by the statute of limitations, but for the claim that the return of the permit to him with the notation "Return by Order of Court" upon it is a violation of his Second Amendment rights, which is a materially different claim than the claim of a wrongful deprivation of his right to bear arms.

As to the remaining, timely, claim involving the notation made upon the permit upon its return, the plaintiff fails to state a viable theory pursuant to which the affixation or presence of the words "Return [*9] by Order of Court" on the permit caused a violation of the plaintiff's Second Amendment rights. Construing the complaint in the plaintiff's favor, we assume that the defendants caused the words to be affixed. Although we do not know the defendants' reason(s) for affixing those words, there is not a basis to find a colorable violation of the plaintiff's Second Amendment rights. The plaintiff alleges that the notation causes the permit to be "unusable." (Doc. 1, ¶ 29). This speculative assertion is not supported by either actual experience of the plaintiff or by logic. There has been no incident of a revocation of the permit by a government official based upon these words. The "Return" that is referenced might well be understood to be the return of the permit by the Sheriff to the plaintiff, rather than as a directive to potential inspectors of the permit to return the permit to the County. The words appear to us to connote, more likely, the official's disclaimer of involvement in the making of an unliked court decision and that the discharge of the court's mandate had been disagreeable to the official. The plaintiff alleges no violation of his federally protected rights in alleging the presence of these words on his [*10] firearms permit. The complaint fails to state a claim upon which relief can be granted as to this allegation.

Even assuming *arguendo* that the revocation is not time barred and that the revocation of the plaintiff's firearm permit or the return of it with a notation violates a right of the plaintiff, the complaint fails to state a claim upon which relief can be granted at to defendant Hose because defendant Hose is entitled to qualified immunity.

The Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S.A. §§ 6101 et seq., contains the Pennsylvania firearms regulatory scheme. 18 Pa. C.S.A. § 6109 establishes the process for obtaining a license from the county sheriff to carry a concealed firearm. Section 6109(d) directs the sheriff to investigate whether the applicant has criminal charges against him or her, and to determine whether there is cause to believe that the person may act in a manner dangerous to public safety. As noted above, the plaintiff does not challenge the constitutionality of Section 6109, and does not contend that there is an absolute and unfettered right on the part of all persons, despite criminal convictions or acts of aggravated assault with firearms, to carry concealed deadly weapons. The plaintiff's theory is that a wrongful or incorrect [*11] exercise of judgment by a county sheriff to revoke or to refuse to issue a permit to carry a concealed firearm is a violation of the person's Second Amendment right to bear arms. An incorrect decision by the Sheriff under the statutory criteria for the issuance of a permit to carry a concealed firearm is not shown to have ever been held to be a violation of the Second Amendment.[1]

Despite their participation in constitutionally impermissible conduct, government officials "may nevertheless be shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Qualified immunity operates to ensure that, before they are subjected to suit, officers are on notice that their conduct is unlawful. *Id.* "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 129

---

[1] Although the rationale for many of the decisions addressing the issue is the rationale discredited in *Heller, infra*, that the Second Amendment does not address the rights of individuals, this general statement is correct.

S.Ct. 808, 815, 172 L. Ed. 2d 565 (2009). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should [*12] know the law governing his conduct." Harlow, supra, 457 U.S. at 818-19. A defendant has the burden to establish that he or she is entitled to qualified immunity. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

The qualified immunity analysis generally has two steps. Pearson, supra, 129 S.Ct. at 815-816. The threshold inquiry in a qualified immunity analysis is whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right. Id. "If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). If, however, the plaintiff can establish a constitutional violation, the next step is to ask whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. "This is an objective inquiry, to be decided by the court as a matter of law." Doe v. Groody, 361 F.3d 232, 238 (3d Cir. 2004).

In the qualified immunity analysis, it is often appropriate to consider whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right before considering whether the right at issue was clearly established at the time of the defendant's [*13] alleged misconduct. Pearson, supra, 129 S.Ct. at 818. However, the court is permitted to exercise its discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case. Id.

The qualified immunity issue is whether there is a clearly established right that the defendant may be seen to have violated. Defendant Hose asserts that there is not a clearly defined constitutional or federal statutory right of which a reasonable person would have know that was violated by defendant Hose's actions. The plaintiff asserts that the individual right involved here is the individual right to bear arms for self-defense, a right that the United States Supreme Court affirmed in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L. Ed. 2d 637 (2008).

The plaintiff does not, however, assert that there is an unconditional right under the Second Amendment to carry a concealed firearm in self-defense. As noted above, the constitutionality of a state statute has not been challenged. He acknowledges, first, that the question of the applicability of the Second Amendment to the states is not presently clearly defined, as the Court noted in *Heller*. He does not assert that a convicted felon has a right under the Second Amendment to bear arms or that a state's statute placing [*14] discretion in county sheriffs to decide who may and who may not carry concealed weapons is in violation of the Second Amendment. He asserts, as the state court has found, that the Sheriff abused his discretion in revoking and in not reinstating the plaintiff's permit. However, an abuse of discretion is not tantamount to a constitutional violation.

In Nordyke v. King, 563 F.3d 439 (9th Cir. 2009), the Ninth Circuit held that the Second Amendment is enforceable against state and local governments as a function of the Due Process Clause of the Fourteenth Amendment. The Court also found the central right conferred by the Second Amendment to be the right to self-defense. The Court also plainly found that limitations upon the right to carry firearms in certain ways or in certain places or by dangerous persons or by persons as to whom a finding of an offensive as well as a defensive motivation may be constitutionally sustainable. In Young v. Hawaii,   F.3d  , 2009 U.S. Dist. LEXIS 62707, 2009 WL 1955749 (D. Hawaii, 2009), the district court held a defendant to be entitled to qualified immunity in a case factually similar to this case, a denial of a firearms permit occurring before the appellate court for that Circuit had held the Second Amendment to be applicable to firearms restrictions imposed by state and local governments. The Court in *Young* also noted that "[a]lthough . . . *Heller* and *Nordyke* expanded the scope of the Second Amendment to embody [*15] an individual right to possess firearms for the purpose of self-defense, [that Court could not] identify any language that establishes the possession of an unconcealed firearm in public as a fundamental right."

In the Third Circuit, there is not a holding that the Second Amendment applies to state and local governments, and there is not a holding that the Second Amendment establishes a right to possess a concealed firearm in public. Therefore, the defendant is entitled to qualified immunity.

A county sheriff can not be seen to reasonably know that the revocation of a previously issued permit to a person to carry a concealed firearm pursuant to 18 Pa. C.S.A. § 6109 is in violation of the Second Amendment merely because the sheriff may have abused his discretion in the decision.

Pennsylvania has put in place a regulatory scheme including criteria and standards for who may carry a concealed firearm and designating an appropriate official and process for determining who does and who does not meet the standards. Assuming here *arguendo* an erroneous decision, an erroneous decision within such a regulatory scheme is not *ipso facto* a

constitutional violation.

Defendant Hose is entitled to qualified immunity because a reasonable person acting in the capacity of [*16] Sheriff would not have known that the plaintiff had a clearly established constitutional right not to have his firearm permit revoked, a clearly established constitutional right to have it reinstated after he had been cleared of criminal charges or a clearly established constitutional right to have a permit bearing no notation "Return by Order of Court."

The placement of the notation on the permit does not violate the *Second Amendment* or another federally protected right of the plaintiff, but it might be in contempt of the Order of the Court of Common Pleas of York County or otherwise subject to correction through the state judicial process. It does not appear by any inference that we can draw from the pleadings to have a proper purpose, the defendants in their brief have not come forward with some explanation of a proper purpose, and it does appear to have some purpose that may be disadvantageous in some way to the plaintiff. If it's placement on the plaintiff's permit is, as it appears to be, an inappropriately expressed assertion of disagreement with a state court decision by a public official required to follow that decision, it would be the proper role of the state court, not of a federal court, [*17] to address and to remedy the matter.

It is recommended that the defendants' motion (Doc. 3) to dismiss be granted and that the complaint of the plaintiff be dismissed.

*/s/ J. Andrew Smyser*

J. Andrew Smyser

Magistrate Judge

Dated: October 8, 2009.

**End of Document**