UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE J. KANSKY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-42 |
| v. | : | (JUDGE MANNION) |
| LUZERNE COUNTY, et al. | : | |
| Defendants | : | |

## O R D E R

Presently before the court are numerous motions filed by both parties. First is the defendants' motion to exceed page limits in their brief in support of their motion to dismiss the Third Amended Complaint. (Doc. 70). The defendants explain that they had previously sought and obtained permission to exceed the Local Rule 7.8's word limitations in their three prior briefs in support of their motions to dismiss earlier complaints and, this time around, wish to file a brief in excess of 10,000 words. Plaintiff's counsel would not concur in the motion. Consequently, in order to abide by the relevant deadlines, the defendants' filed their brief in support that exceeded the word limitations without first obtaining the court's permission. (Doc. 72).

Plaintiff's counsel, once again demonstrating her tendency to

belabor insignificant matters and to waste judicial resources and burden the court's docket, filed a motion to strike the brief in opposition for failure to abide by the Local Rule 7.8(b). (Doc. 77). The defendants filed a brief in opposition, (Doc. 85), to which the plaintiff filed a reply brief, (Doc. 85).

Unsurprisingly, the plaintiff's counsel sets forth no compelling reason to strike the defendant's brief. In sum, the plaintiff's counsel argues she will be forced to "fight off" a brief that is nearly twice the 5,000-limit allowed by the Local Rules. (Doc. 77, at 2). Thus, he contends the court must "regulate the behavior of Defendants' counsel" by striking the brief in excess of the word limitations that was filed prior to receiving permission from the court to do so. (Doc. 85, at 2).

The plaintiff omits the fact that the defendants' current brief, (Doc. 72), differs only slightly from their prior brief in support of their motion to dismiss the Second Amended Complaint, (Doc. 39)—to the tune of an additional 285 words. Significantly, plaintiff's counsel concurred in the defendants' motion to exceed the word limitation in that prior brief. (Doc. 37). Thus, the plaintiff is hardly in a worse position in responding to the present motion to dismiss versus the prior motion to dismiss. Accordingly, the defendant's motion to exceed word limitations, (Doc. 70), is **GRANTED** and the plaintiff's motion to strike, (Doc. 77), is **DENIED**.

Also before is the plaintiff's motion for an extension of time to file a brief in opposition to the defendants' motion to dismiss. (Doc. 73). The plaintiff has since filed a brief in opposition, (Doc. 79), and therefore the motion for an extension is **DISMISSED AS MOOT.**

Relatedly, plaintiff's counsel has filed a motion to stay pending the court's disposition on her second motion to withdraw. (Doc. 73). In it, she requests the court "hold her Brief in Opposition [to the motion to dismiss] in abeyance until the decision on the motion to withdraw is decided." (Doc. 73, at 3). Once again, because the plaintiff has since filed a brief in opposition to the motion to dismiss, the motion to stay, (Doc. 73), is **DENIED AS MOOT**.

Finally before the court is plaintiff's counsel's second motion to withdraw, (Doc. 58), the defendants' motion for a status conference, (Doc. 74), and the defendants' motion to amend or correct the court's scheduling order, (Doc. 84).

The court previously denied a motion to withdraw by plaintiff's counsel and set forth, in detail, the reasons for that denial. (Doc. 51; Doc. 52). Plaintiff's counsel's present motion to withdraw sets forth no new grounds to support her motion with the exception that she now claims she is "not getting paid in accordance with her agreement" with the plaintiff.

(Doc. 68, at 2). As with her prior motion, plaintiff's counsel has provided no support for her claims, such as a copy of the fee agreement or any indication that she discussed the matter with her client. Plaintiff's counsel has, however, provided a copy of email correspondence in which her client resolutely states, once again, that he does not concur in her motion to withdraw. (Doc. 64).

For that reason and for the reasons set forth in the court's prior memorandum, (Doc. 51), the second motion to withdraw is **DENIED**. To the extent plaintiff's counsel seeks reconsideration of the court's February 19, 2021 order denying her first motion to withdraw, the motion is **DENIED**.

As a result of the delay caused by the filing and briefing of the aforementioned motions, the defendants filed a motion to amend or correct the court's December 1, 2020 Case Management Order by extending all deadlines for a period of 120 days. (Doc. 84). Because nearly all of the deadlines set forth in the court's case management order have expired, the defendants' motion, (Doc. 84), is **GRANTED** and the case management order is, (Doc. 50), **MODIFIED** such that all deadlines set forth in the December 1, 2020 case management order are **EXTENDED** for a period of 120 days.

Finally, the defendants filed a motion for a status conference, (Doc.

74), seeking to discuss the above pending motions and their impact on the deadlines in the Case Management Order. Having disposed of the motions and extended the deadlines in the case management order, the court will **DENY AS MOOT** the defendants' motion for a status conference, (Doc. 74), without prejudice to renew if one becomes necessary.

The court will proceed with disposition of the defendants' pending motion to dismiss in due time.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 15, 2021**
20-0042-09